UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDDIE DAVIS,<br><br>    *Plaintiff*,<br><br>v.<br><br>ALBANY PLAZA LLC; JPMORGAN CHASE & CO.; SHIRLEY GOMEZ; and HALLBERG INSURANCE NETWORK, INC.,<br><br>    *Defendants*. | **COMPLAINT** |

    Plaintiff Eddie Davis, by and through the undersigned counsel, brings this action against Defendants Albany Plaza LLC, an Illinois limited liability company; JPMorgan Chase & Co., a Delaware business corporation; Shirley Gomez, an individual doing business as Luis Printing; and Hallberg Insurance Network, Inc., an Illinois business corporation, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations, and the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.* (the "IHRA") and alleges as follows:

**INTRODUCTION**

    1.    Plaintiff brings this civil rights action against Defendants for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendants have failed to remove architectural barriers at the

- 1 -

commercial building known as "3101 West Cermak Road", even though such removal is readily achievable.

2. The violations alleged in this complaint occurred at the commercial building known as "3101 West Cermak Road", located at 3101 W Cermak Rd, Chicago, IL 60623.

3. Defendants' failure to provide equal access to "3101 West Cermak Road" violates the mandates of the ADA and IHRA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

4. Defendants' conduct constitutes an ongoing and continuous violation of the law. Defendants have failed to take any prompt and equitable steps to remedy the discriminatory barriers at their facilities.

5. Accordingly, Plaintiff seeks a declaration that Defendants' facilities violate federal law and an injunction requiring Defendants to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendants continue to comply with the requirements of the ADA and IHRA.

**JURISDICTION AND VENUE**

6. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331. This action includes federal law claims brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189, and for damages, civil penalties, and injunctive relief pursuant to the IHRA. This Court may exercise supplemental jurisdiction over Plaintiff's nonfederal law causes of action, violations of the IHRA, because the claims asserted in this action arise from a common nucleus of operative fact. The Court has the jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57.

7. Venue in this judicial district is proper because Defendants are located and transact business within this judicial district and have sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

**PARTIES**

8. Plaintiff Eddie Davis is a resident of the city of Chicago, Illinois. Plaintiff Davis suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2), and the IHRA, 775 ILCS 5/1-103(I).

9. Plaintiff Eddie Davis suffers from chronic arthritis in both legs and shoulders. He is substantially limited in performing several major life activities, including but not limited to walking and standing. He is required to use wheelchair for mobility. As a person with a disability, he has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

10. Defendant Albany Plaza LLC, an Illinois limited liability company, is the owner of the real property and improvements which are the subject of this action, the commercial building "3101 West Cermak Road", a place of public accommodation within the meaning of the ADA, located at the street address of 3101 W Cermak Rd, Chicago, IL 60623.

11. Defendant JPMorgan Chase & Co., a Delaware business corporation, is a lessee and operator of the real property and improvements which are the subject of this action, "3101 West Cermak Road", a place of public accommodation within the meaning of the ADA, located at the street address of 3101 W Cermak Rd, Chicago, IL 60623. Defendant JPMorgan Chase &

Co. operates a tenant business in "3101 West Cermak Road", the bank branch known as "Chase Bank".

12. Defendant Shirley Gomez, an individual doing business as Luis Printing, is a lessee and operator of the real property and improvements which are the subject of this action, "3101 West Cermak Road", a place of public accommodation within the meaning of the ADA, located at the street address of 3101 W Cermak Rd, Chicago, IL 60623. Defendant Shirley Gomez operates a tenant business in "3101 West Cermak Road", the retail print shop known as "Luis Printing".

13. Defendant Hallberg Insurance Network, Inc., an Illinois business corporation, is a lessee and operator of the real property and improvements which are the subject of this action, "3101 West Cermak Road", a place of public accommodation within the meaning of the ADA, located at the street address of 3101 W Cermak Rd, Chicago, IL 60623. Defendant Hallberg Insurance Network, Inc. operates a tenant business in "3101 West Cermak Road", the insurance agency known as "Hallberg Insurance Network".

## FACTUAL BACKGROUND

14. On or around July 14, 2015, Plaintiff Davis attempted to visit "3101 West Cermak Road", which is located approximately 2.5 miles from his apartment.

15. Upon arrival, Plaintiff Davis could not find an accessible parking space in the "3101 West Cermak Road" customer parking lot. Despite having approximately eleven parking spaces, the customer parking lot had no accessible parking spaces. Photographs in Exhibit A to this Complaint show the parking lot of "3101 West Cermak Road".

16. The customer parking lot had only one curb ramp connecting the parking lot level to the raised level of the sidewalk adjacent to the building. This curb ramp was situated at the south end of the parking lot.

17. A parking space occupied the area directly in front of the curb ramp. When a car occupied the parking space, the curb ramp was not accessible by wheelchair. A photograph in Exhibit B to this Complaint shows the curb ramp at "3101 West Cermak Road".

18. The parking lot of "3101 West Cermak Road" did not have wheel stops in its parking spaces. Vehicles could thus block the sidewalk between the "3101 West Cermak Road" building and the parking lot by parking as far forward as possible in the parking space. This could prevent wheelchair access to tenant businesses such as "Hallberg Insurance Network", "Luis Printing", and "Chase Bank". A photograph in Exhibit C to this Complaint shows the sidewalk that provides access to the tenant businesses of "3101 West Cermak Road".

19. In light of the architectural barriers at "3101 West Cermak Road", Plaintiff Davis is deterred from visiting "3101 West Cermak Road" tenant businesses in the future, including "Chase Bank", where he does his banking. Plaintiff Davis would like to be able to patronize "3101 West Cermak Road", but these architectural barriers deter him from doing so. He plans to return and patronize "3101 West Cermak Road" when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

20. Plaintiff Davis attempted to access Defendants' premises, but could not do so independently on a full and equal basis because of his disabilities, due to the physical barriers to access and violations of the ADA that exist at Defendants' premises. As a result of Defendants' non-compliance with the ADA, Plaintiff Davis cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

**FACT ALLEGATIONS**

21. Defendants have discriminated against Plaintiff Davis on the basis of his disabilities by failing to comply with the requirements of the ADA, the Americans With Disabilities Act Accessibility Guidelines (the "ADAAG") and the ILCS with regard to "3101 West Cermak Road". A specific, though not exclusive, list of unlawful physical barriers and violations present at "3101 West Cermak Road" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

   a. "3101 West Cermak Road" has approximately eleven parking spaces in its parking lot but does not have an accessible parking space, in violation of ADAAG 208.2.

   b. The parking spaces at "3101 West Cermak Road" are not designed to prevent vehicles from obstructing the accessible route to tenant businesses, in violation of ADAAG 502.7.

   c. The parking lot at "3101 West Cermak Road" is not designed to prevent vehicles from obstructing the curb ramp providing access to the sidewalk adjacent to the building, in violation of ADAAG 502.7.

22. The above listing is not to be considered all-inclusive of the barriers and violations of the ADA and ILCS encountered by Plaintiff Davis or which exist at "3101 West Cermak Road".

23. In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "3101 West Cermak Road" in order to photograph and measure all such barriers to access and violations of the ADA, the ADAAG and the ILCS.

24. Compliance with the ADA standards and the ADAAG is required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards and the ADAAG is readily achievable by Defendants due to the lack of difficulty and low cost of remedying the above-listed barriers. Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, creating accessible parking spaces. 28 C.F.R. § 36.304(b).

25. As a person with a disability, Plaintiff Davis has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

26. Without injunctive relief, Defendants' failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be deterred from patronizing the facility and will continue to be unable to independently access "3101 West Cermak Road" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of his rights under the ADA.

## FIRST CAUSE OF ACTION
**Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.***

27. Plaintiff incorporates and realleges the above paragraphs.

28. Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

29. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

30. Defendants have discriminated against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff Davis has been denied full and equal access to "3101 West Cermak Road" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

31. Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendants' violations of the ADA and ADAAG are ongoing.

32. Defendants have failed to remove architectural barriers to full and equal access by Plaintiff Davis, even though removing the barriers is readily achievable.

33. Plaintiff Davis plans to visit the tenant businesses of "3101 West Cermak Road" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "3101 West Cermak Road" unless and until Defendants are required to remove the physical barriers to access and ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

34. This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendants to make "3101 West Cermak Road" readily accessible to and independently usable by individuals with disabilities to the extent required by

the ADA and ADAAG, and/or to close "3101 West Cermak Road" until such time as Defendants cure the access barriers.

35. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

## SECOND CAUSE OF ACTION
### Violations of the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.*

36. Plaintiff incorporates and realleges the above paragraphs.

37. 775 ILCS 5/5-102 provides:

> It is a civil rights violation for any person on the basis of unlawful discrimination to: Deny or refuse to another the full and equal enjoyment of the facilities, goods, and services of any public place of accommodation.

38. Defendants have discriminated against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of the IHRA, as described above. Plaintiff Davis has been denied full and equal access to "3101 West Cermak Road" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

39. Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendants' violations of the IHRA are ongoing.

40. Defendants have failed to remove architectural barriers to full and equal access by Plaintiff Davis, even though removing the barriers is readily achievable.

41. Plaintiff Davis plans to visit "3101 West Cermak Road" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and

reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "3101 West Cermak Road" unless and until Defendants are required to remove the physical barriers to access and ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

42. This Court has authority under the IHRA to grant Plaintiff injunctive relief, including an order requiring Defendants to make "3101 West Cermak Road" readily accessible to and independently usable by individuals with disabilities to the extent required by the IHRA, and/or to close "3101 West Cermak Road" until such time as Defendants cure the access barriers.

43. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 775 ILCS 5/10-102.

**WHEREFORE**, Plaintiff respectfully requests:

   a. That the Court issue a Declaratory Judgment that determines that Defendants' facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG, and the IHRA.

   b. That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), 28 C.F.R. § 36.504(a) and 775 ILCS 5/10-102 enjoining Defendants from continuing their discriminatory practices, including an order directing Defendants to make all readily achievable alterations to their facilities so as to remove physical barriers to access and make their facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA and the IHRA; and also including an order requiring Defendants to make all

    reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

c. That the Court award Plaintiff actual and punitive damages to be paid by Defendants pursuant to 775 ILCS 5/10-102(C)(1).

d. That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505 and 775 ILCS 5/10-102(C)(2), or as otherwise provided by law; and

e. That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA or the IHRA.

DATED: <u>July 30, 2015</u>

                                      <u>/s/ John Steele</u>
                                      John L. Steele (#6292158)
                                      ACCESSIBILITY LAW GROUP
                                      500 Michigan Avenue, Suite 600
                                      Chicago, Illinois 60611
                                      E-mail: jsteele@accessibilitylawgroup.com
                                      Phone: (312) 396-4154