IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDDIE DAVIS,<br><br>      Plaintiff,<br><br>v.<br><br>ALBANY PLAZA LLC; JPMORGAN CHASE & CO.; SHIRLEY GOMEZ; and HALLBERG INSURANCE NETWORK, INC.,<br><br>      Defendants. | Case No. 1:15-cv-06681<br><br>Date Filed: July 30, 2015 |

## ANSWER TO COMPLAINT

Defendant JPMorgan Chase Bank, N.A. ("Defendant")[1], by and through its attorneys Seyfarth Shaw LLP, presents its Answer to Plaintiff's Complaint, and states as follows:

### INTRODUCTION

**COMPLAINT ¶1:**

Plaintiff brings this civil rights action against Defendants for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendants have failed to remove architectural barriers at the commercial building known as "3101 West Cermak Road", even though such removal is readily achievable.

**ANSWER:**

Paragraph 1 contains a summary of the claims asserted in this action, to which no response is required, but to the extent a response is deemed required, Defendant denies the allegations of Paragraph 1.

**COMPLAINT ¶2:**

The violations alleged in this complaint occurred at the commercial building known as "3101 West Cermak Road", located at 3101 W Cermak Rd, Chicago, IL 60623.

---

[1] Defendant is improperly identified in the caption as JPMorgan Chase & Co.

**ANSWER:**

Defendant denies that it or any of its subsidiaries, affiliates, officers, directors or employees acted unlawfully toward Plaintiff and denies that Plaintiff is entitled to any of the relief sought in the Complaint. Defendant admits that it leases space and operates a branch in part of the building located at 3101 W. Cermak Road in Chicago. Defendant denies the remaining allegations of Paragraph 2.

**COMPLAINT ¶3:**

Defendants' failure to provide equal access to "3101 West Cermak Road" violates the mandates of the ADA and IHRA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 3 concerning the other Defendants. The remaining allegations of Paragraph 3 are legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies these allegations.

**COMPLAINT ¶4:**

Defendants' conduct constitutes an ongoing and continuous violation of the law. Defendants have failed to take any prompt and equitable steps to remedy the discriminatory barriers at their facilities.

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 4 concerning the conduct of other Defendants. Defendant denies that it has failed to take any prompt and equitable steps to remedy barriers at the branch. The remaining allegations of Paragraph 4 are legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies these allegations.

**COMPLAINT ¶5:**

Accordingly, Plaintiff seeks a declaration that Defendants' facilities violate federal law and an injunction requiring Defendants to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendants continue to comply with the requirements of the ADA and IHRA.

**ANSWER:**

Paragraph 5 contains a summary of the relief Plaintiff seeks in this action, to which no response is required, but to the extent a response is deemed required, Defendant denies the allegations of Paragraph 5 and denies that Plaintiff is entitled to such relief against Defendant.

**JURISDICTION AND VENUE**

**COMPLAINT ¶6:**

Jurisdiction of this Court arises under 28 U.S.C. §§ 1331. This action includes federal law claims brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189, and for damages, civil penalties, and injunctive relief pursuant to the IHRA. This Court may exercise supplemental jurisdiction over Plaintiff's nonfederal law causes of action, violations of the IHRA, because the claims asserted in this action arise from a common nucleus of operative fact. The Court has the jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57.

**ANSWER:**

Defendant admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and that this action involves federal questions. Defendant further admits that this Court has supplemental jurisdiction over claims arising under state law. Defendant denies the remaining allegations of Paragraph 6.

**COMPLAINT ¶7:**

Venue in this judicial district is proper because Defendants are located and transact business within this judicial district and have sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

**ANSWER:**

Defendant admits that venue is proper in this District. Defendant denies the remaining allegations of paragraph 7.

## PARTIES

**COMPLAINT ¶8:**

Plaintiff Eddie Davis is a resident of the city of Chicago, Illinois. Plaintiff Davis suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2), and the IHRA, 775 ILCS 5/1-103(I).

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and on that basis denies them.

**COMPLAINT ¶9:**

Plaintiff Eddie Davis suffers from chronic arthritis in both legs and shoulders. He is substantially limited in performing several major life activities, including but not limited to walking and standing. He is required to use wheelchair for mobility. As a person with a disability, he has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and on that basis denies them.

**COMPLAINT ¶10:**

Defendant Albany Plaza LLC, an Illinois limited liability company, is the owner of the real property and improvements which are the subject of this action, the commercial building "3101 West Cermak Road", a place of public accommodation within the meaning of the ADA, located at the street address of 3101 W Cermak Rd, Chicago, IL 60623.

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 10 concerning Albany Plaza LLC, and on that basis denies them.

Defendant admits that certain portions of the building located at 3101 W Cermak Rd are public accommodations within the meaning of the ADA. Defendant denies the remaining allegations of Paragraph 10.

**COMPLAINT ¶11:**

Defendant JPMorgan Chase & Co., a Delaware business corporation, is a lessee and operator of the real property and improvements which are the subject of this action, "3101 West Cermak Road", a place of public accommodation within the meaning of the ADA, located at the street address of 3101 W Cermak Rd, Chicago, IL 60623. Defendant JPMorgan Chase & Co. operates a tenant business in "3101 West Cermak Road", the bank branch known as "Chase Bank".

**ANSWER:**

JPMorgan Chase & Co. is not a proper or appropriate Defendant. Defendant avers that JPMorgan Chase Bank, N.A. is a wholly owned banking subsidiary of JPMorgan Chase & Co. and is the proper Defendant for purposes of Plaintiff's claims. Defendant admits that it leases space at 3010 W Cermak Rd in Chicago, that it has a branch at this address, and that portions of the property are a public accommodation. Defendant denies the remaining allegations of Paragraph 11.

**COMPLAINT ¶12:**

Defendant Shirley Gomez, an individual doing business as Luis Printing, is a lessee and operator of the real property and improvements which are the subject of this action, "3101 West Cermak Road", a place of public accommodation within the meaning of the ADA, located at the street address of 3101 W Cermak Rd, Chicago, IL 60623. Defendant Shirley Gomez operates a tenant business in "3101 West Cermak Road", the retail print shop known as "Luis Printing".

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 12 concerning Shirley Gomez, and on that basis denies them.

**COMPLAINT ¶13:**

Defendant Hallberg Insurance Network, Inc., an Illinois business corporation, is a lessee and operator of the real property and improvements which are the subject of this action, "3101

West Cermak Road", a place of public accommodation within the meaning of the ADA, located at the street address of 3101 W Cermak Rd, Chicago, IL 60623. Defendant Hallberg Insurance Network, Inc. operates a tenant business in "3101 West Cermak Road", the insurance agency known as "Hallberg Insurance Network".

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 13 concerning Hallberg Insurance Network, Inc., and on that basis denies them.

## FACTUAL BACKGROUND

**COMPLAINT ¶14:**

On or around July 14, 2015, Plaintiff Davis attempted to visit "3101 West Cermak Road", which is located approximately 2.5 miles from his apartment.

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and on that basis denies them.

**COMPLAINT ¶15:**

Upon arrival, Plaintiff Davis could not find an accessible parking space in the "3101 West Cermak Road" customer parking lot. Despite having approximately eleven parking spaces, the customer parking lot had no accessible parking spaces. Photographs in Exhibit A to this Complaint show the parking lot of "3101 West Cermak Road".

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and on that basis denies them.

**COMPLAINT ¶16:**

The customer parking lot had only one curb ramp connecting the parking lot level to the raised level of the sidewalk adjacent to the building. This curb ramp was situated at the south end of the parking lot.

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and on that basis denies them.

**COMPLAINT ¶17:**

A parking space occupied the area directly in front of the curb ramp. When a car occupied the parking space, the curb ramp was not accessible by wheelchair. A photograph in Exhibit B to this Complaint shows the curb ramp at "3101 West Cermak Road".

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and on that basis denies them.

**COMPLAINT ¶18:**

The parking lot of "3101 West Cermak Road" did not have wheel stops in its parking spaces. Vehicles could thus block the sidewalk between the "3101 West Cermak Road" building and the parking lot by parking as far forward as possible in the parking space. This could prevent wheelchair access to tenant businesses such as "Hallberg Insurance Network", "Luis Printing", and "Chase Bank". A photograph in Exhibit C to this Complaint shows the sidewalk that provides access to the tenant businesses of "3101 West Cermak Road".

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and on that basis denies them.

**COMPLAINT ¶19:**

In light of the architectural barriers at "3101 West Cermak Road", Plaintiff Davis is deterred from visiting "3101 West Cermak Road" tenant businesses in the future, including "Chase Bank", where he does his banking. Plaintiff Davis would like to be able to patronize "3101 West Cermak Road", but these architectural barriers deter him from doing so. He plans to return and patronize "3101 West Cermak Road" when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and on that basis denies them.

20644760v.1

**COMPLAINT ¶20:**

Plaintiff Davis attempted to access Defendants' premises, but could not do so independently on a full and equal basis because of his disabilities, due to the physical barriers to access and violations of the ADA that exist at Defendants' premises. As a result of Defendants' non-compliance with the ADA, Plaintiff Davis cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and on that basis denies them.

**FACT ALLEGATIONS**

**COMPLAINT ¶21:**

Defendants have discriminated against Plaintiff Davis on the basis of his disabilities by failing to comply with the requirements of the ADA, the Americans With Disabilities Act Accessibility Guidelines (the "ADAAG") and the ILCS with regard to "3101 West Cermak Road". A specific, though not exclusive, list of unlawful physical barriers and violations present at "3101 West Cermak Road" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

   a.   "3101 West Cermak Road" has approximately eleven parking spaces in its parking lot but does not have an accessible parking space, in violation of ADAAG 208.2.

   b.   The parking spaces at "3101 West Cermak Road" are not designed to prevent vehicles from obstructing the accessible route to tenant businesses, in violation of ADAAG 502.7.

   c.   The parking lot at "3101 West Cermak Road" is not designed to prevent vehicles from obstructing the curb ramp providing access to the sidewalk adjacent to the building, in violation of ADAAG 502.7.

**ANSWER:**

Defendant denies the allegations of Paragraph 21.

**COMPLAINT ¶22:**

The above listing is not to be considered all-inclusive of the barriers and violations of the ADA and ILCS encountered by Plaintiff Davis or which exist at "3101 West Cermak Road".

8

20644760v.1

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and on that basis denies them.

**COMPLAINT ¶23:**

In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "3101 West Cermak Road" in order to photograph and measure all such barriers to access and violations of the ADA, the ADAAG and the ILCS.

**ANSWER:**

Defendant denies the allegations of Paragraph 23.

**COMPLAINT ¶24:**

Compliance with the ADA standards and the ADAAG is required by 42 U.S.C. § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards and the ADAAG is readily achievable by Defendants due to the lack of difficulty and low cost of remedying the above listed barriers. Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, creating accessible parking spaces. 28 C.F.R. § 36.304(b).

**ANSWER:**

The first sentence of Paragraph 24 purports to summarize federal law, to which Defendant refers the Court for a statement of its content. Defendant denies the remaining allegations of Paragraph 24.

**COMPLAINT ¶25:**

As a person with a disability, Plaintiff Davis has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and on that basis denies them.

9

**COMPLAINT ¶26:**

Without injunctive relief, Defendants' failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be deterred from patronizing the facility and will continue to be unable to independently access "3101 West Cermak Road" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of his rights under the ADA.

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and on that basis denies them.

### FIRST CAUSE OF ACTION
### Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq.

**COMPLAINT ¶27:**

Plaintiff incorporates and realleges the above paragraphs.

**ANSWER:**

Defendant incorporates in full its responses to paragraphs 1-26 herein.

**COMPLAINT ¶28:**

Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 et seq., provides: No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

**ANSWER:**

Paragraph 28 purports to summarize federal law, to which Defendant refers the Court for a statement of its content.

**COMPLAINT ¶29:**

Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

10

**ANSWER:**

Paragraph 29 purports to summarize federal law, to which Defendant refers the Court for a statement of its content.

**COMPLAINT ¶30:**

Defendants have discriminated against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff Davis has been denied full and equal access to "3101 West Cermak Road" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

**ANSWER:**

Defendant denies the allegations of Paragraph 30.

**COMPLAINT ¶31:**

Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendants' violations of the ADA and ADAAG are ongoing.

**ANSWER:**

Defendant denies the allegations of Paragraph 31.

**COMPLAINT ¶32:**

Defendants have failed to remove architectural barriers to full and equal access by Plaintiff Davis, even though removing the barriers is readily achievable.

**ANSWER:**

Defendant denies the allegations of Paragraph 32.

**COMPLAINT ¶33:**

Plaintiff Davis plans to visit the tenant businesses of "3101 West Cermak Road" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "3101 West Cermak Road" unless and until Defendants are required to remove the physical barriers to access and ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 33 concerning Plaintiff's plans, and on that basis denies them. Defendant denies the remaining allegations of Paragraph 33.

**COMPLAINT ¶34:**

This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendants to make "3101 West Cermak Road" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "3101 West Cermak Road" until such time as Defendants cure the access barriers.

**ANSWER:**

Paragraph 34 purports to summarize federal law, to which Defendant refers the Court for a statement of its content. Defendant denies the remaining allegations of Paragraph 34.

**COMPLAINT ¶35:**

Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 35 concerning Plaintiff's purpose in hiring counsel, and on that basis denies them. Defendant denies the remaining allegations of Paragraph 35.

**SECOND CAUSE OF ACTION**
**Violations of the Illinois Human Rights Act, 775 ILCS 5/1¬101 et seq.**

**COMPLAINT ¶36:**

Plaintiff incorporates and realleges the above paragraphs.

**ANSWER:**

Defendant incorporates in full its responses to Paragraphs 1-35 herein.

**COMPLAINT ¶37:**

775 ILCS 5/5-102 provides:

> It is a civil rights violation for any person on the basis of unlawful discrimination to: Deny or refuse to another the full and equal enjoyment of the facilities, goods, and services of any public place of accommodation.

**ANSWER:**

Paragraph 37 purports to summarize state law, to which Defendant refers the Court for a statement of its content.

**COMPLAINT ¶38:**

Defendants have discriminated against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of the IHRA, as described above. Plaintiff Davis has been denied full and equal access to "3101 West Cermak Road" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 38 concerning the other Defendants and on that basis denies them. Defendant denies the remaining allegations of Paragraph 38.

**COMPLAINT ¶39:**

Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendants' violations of the IHRA are ongoing.

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 39 concerning the other Defendants and on that basis denies them. Defendant denies the remaining allegations of Paragraph 39.

**COMPLAINT ¶40:**

Defendants have failed to remove architectural barriers to full and equal access by Plaintiff Davis, even though removing the barriers is readily achievable.

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 40 concerning the other Defendants and on that basis denies them. Defendant denies the remaining allegations of Paragraph 40.

**COMPLAINT ¶41:**

Plaintiff Davis plans to visit "3101 West Cermak Road" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "3101 West Cermak Road" unless and until Defendants are required to remove the physical barriers to access and ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 41 concerning the Plaintiff's plans and on that basis denies them. Defendant denies the remaining allegations of Paragraph 41.

**COMPLAINT ¶42:**

This Court has authority under the IHRA to grant Plaintiff injunctive relief, including an order requiring Defendants to make "3101 West Cermak Road" readily accessible to and independently usable by individuals with disabilities to the extent required by the IHRA, and/or to close "3101 West Cermak Road" until such time as Defendants cure the access barriers.

**ANSWER:**

Portions of Paragraph 42 purport to summarize state law, to which Defendant refers the Court for a statement of its content. Defendant denies the remaining allegations of Paragraph 42.

**COMPLAINT ¶43:**

Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 775 ILCS 5/10-102.

**ANSWER:**

Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 43 concerning Plaintiffs actions and intentions, and on that basis denies them. The remaining allegations of Paragraph 43 are legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies these allegations.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint or any relief whatsoever as against Defendant or Chase Bank.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendant asserts the following Affirmative and/or other Defenses without assuming any burden of proof or persuasion that it would not otherwise bear.

**FIRST DEFENSE**

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims fail to the extent that removing the alleged barriers would pose a direct threat to the health and safety of others.

**THIRD DEFENSE**

Plaintiff lacks standing to seek relief under the ADA with respect to conditions that do not affect his disability.

**FOURTH DEFENSE**

Plaintiff lacks standing to seek injunctive relief because he is under no threat of imminent harm.

20644760v.1

### FIFTH DEFENSE

Certain exterior conditions that deviate from the applicable accessibility standards are due to structural impracticality (*e.g.*, site conditions and terrain).

### SIXTH DEFENSE

Plaintiff's claims are barred to the extent they seek to impose upon Defendant obligations for which Defendant is not legally responsible.

### SEVENTH DEFENSE

Defendant did not design or construct the facility in question.

### EIGHTH DEFENSE

Defendant's facilities provide equivalent facilitation and/or appropriate means for patrons with disabilities to enjoy their goods, facilities, and services.

### NINTH DEFENSE

To the extent any alterations were made triggering the requirements of 28 C.F.R. § 36.403 (path of travel), the costs of meeting those requirements are disproportionate to the cost of the alterations.

### TENTH DEFENSE

Assuming, *arguendo*, that the ADA Standards at 28 C.F.R. Part 36 App. A are deemed relevant to this case, any deviations from those guidelines are *de minimis* and within construction and/or manufacturing tolerances.

### ELEVENTH DEFENSE

The removal of alleged access barriers complained of in the Complaint is not readily achievable.

20644760v.1

**TWELFTH DEFENSE**

Plaintiff's claims are barred to the extent that accommodating Plaintiff would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, benefits, and/or accommodations offered to the public and/or result in an undue burden.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred to the extent that federal, state, or local laws, including but not limited to zoning and landmark ordinances, prohibit the physical modifications sought.

**FOURTEENTH DEFENSE**

Plaintiff has failed to take reasonable steps to mitigate, alter or otherwise reduce his alleged damages, including attorneys' fees and costs, and any damages and/or fees and costs awarded to Plaintiff should be reduced accordingly.

**FIFTEENTH DEFENSE**

Plaintiff's recovery in this action is barred because Defendant's alleged acts and/or omissions did not actually constitute a denial to physically-disabled persons of full and equal access to the facility.

**SIXTEENTH DEFENSE**

At all times relevant to the Complaint, Defendant has acted on good faith interpretations of disabled access laws and provisions, which reliance and interpretations preclude any recovery by Plaintiff based on the allegations of the Complaint.

WHEREFORE, having fully answered, Defendant respectfully requests that Plaintiff's claims be dismissed in their entirety with prejudice and that this Court award Defendant such other relief as it deems just and proper.

DATED: September 10, 2015 　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　By: */s/ William F. Dugan*
　　　　　　　　　　　　　　　　　　　　William F. Dugan (#6229172)
　　　　　　　　　　　　　　　　　　　　SEYFARTH SHAW LLP
　　　　　　　　　　　　　　　　　　　　131 South Dearborn Street, Suite 2400
　　　　　　　　　　　　　　　　　　　　Chicago, Illinois  60603
　　　　　　　　　　　　　　　　　　　　wdugan@seyfarth.com
　　　　　　　　　　　　　　　　　　　　Phone:  (312) 460-5000

　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　JPMORGAN CHASE BANK, N.A.

**CERTIFICATE OF SERVICE**

I do hereby certify that I have caused a true and correct copy of the foregoing document to be served upon the following by filing the same with the Court's CM/ECF electronic filing system on this 10th day of September 2015:

John L. Steele
ACCESSIBILITY LAW GROUP
500 Michigan Avenue, Suite 600
Chicago, Illinois  60611
jsteele@accessibilitylawgroup.com

　　　　　　　　　　　　　　　　　　*/s/ William F. Dugan*
　　　　　　　　　　　　　　　　　　William F. Dugan